IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA SIMONDS, | ) |
| Plaintiff, | ) 2:21-cv-841 |
| v. | ) |
| CHRISTINE BOYER; and ADAM THIMONS, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court are motions *in limine* filed by Plaintiff Marsha Simonds (ECF 122), jointly by Defendants Christine Boyer and Adam Thimons (ECF 120; ECF123; ECF 125; ECF 127; ECF 129), and by Defendant Adam Thimons (ECF 131). The parties also filed an amended joint exhibit list containing a chart summarizing proposed exhibits, objections to those exhibits, and responses to objections. ECF 134. The Court issues this omnibus order resolving the motions and ruling on exhibit objections, as follows.

### I.    Ms. Boyer and Mr. Thimons's motion to exclude Ms. Simonds's proposed exhibits.

Ms. Boyer and Mr. Thimons filed a joint motion *in limine*, arguing that Ms. Simonds had not sufficiently identified the 44 exhibits she seeks to introduce at trial. ECF 120, p. 2. The Court finds that Ms. Simonds cured this error by sufficiently identifying the proposed exhibits in the joint exhibit list filed at ECF 134.

The Court therefore **DENIES** this motion and addresses each objected-to exhibit's admissibility below.

### II.    Ms. Simonds's motion for an *in camera* hearing.

Ms. Simonds seeks an *in camera* hearing to address potential privilege issues related to Matthew Simonds's testimony. ECF 122. Ms. Simonds states that Mr.

Simonds is a licensed attorney who represented Ms. Simonds and Vera Holdings "during portions of this case." *Id.* Ms. Simonds does not elaborate further, only stating that Mr. Simonds's testimony may be barred due to attorney-client privilege, spousal privilege, and attorney work-product. *Id.* There are no foundational documents that were submitted showing an attorney-client relationship, such as an engagement letter. Further, Ms. Simonds has submitted several exhibits containing what appear to be communications divulging privileged information, signaling that the privilege may be waived. ECF 134. If Ms. Simonds intends to invoke these privileges, she must establish a foundation for the privileges, as well as an explanation as to any sword-shield issues.

Setting all that aside, it is clear from the parties' exhibits that Mr. Simonds was involved in the course of dealing over the parking-lot disputes, and also in complaining to city officials after the incident at issue. So he will likely be a witness at trial. To avoid unnecessary sidebars at trial, the parties shall at the pre-trial conference proffer the scope of any anticipated testimony as to Mr. Simonds.

The Court will thus **DENY** the motion for a formal *in camera* hearing, but the parties shall be prepared to address the parameters of Mr. Simonds's trial testimony at the final pre-trial conference.

### III.    Ms. Boyer and Mr. Thimons's motion to preclude Ms. Simonds from providing lay testimony regarding medical diagnoses and to limit damages.

Ms. Boyer and Mr. Thimons seek to preclude Ms. Simonds's testimony about her medical diagnosis and asks the Court to limit damages to nominal damages. ECF 123. Ms. Boyer and Mr. Thimons argue that Ms. Simonds has provided no evidence of injury or treatment for an injury resulting from the August 27, 2019, arrest (the event at issue here). *Id.*, p. 1. Ms. Boyer and Mr. Thimons submit that Ms. Simonds may only testify about the "her perception and experience of her arrest." *Id.*, p. 2.

And because Ms. Simonds has provided no evidence of physical injury, "she is only entitled to nominal damages in absence of proof of actual injury." *Id.*

The Court agrees to a certain extent. As a preliminary matter, opinion testimony by a lay witness is allowed. Under Federal Rule of Evidence 701, a witness, who is not an expert, may testify in the form of an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* The Third Circuit has reasoned that the "expression of opinions or inferences by a lay witness is permitted because of the qualification in Rule 701(a) that the factual predicate of the testimony be within the witness's perception and this qualification simply reflects a recognition of the limitation embodied in Federal Rule of Evidence 602, that a witness must have 'personal knowledge of the matter' in order to testify to it." *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980) (cleaned up).

Ms. Simonds therefore may testify, as a lay witness, about her physical and emotional condition during and after the August 27, 2019, incident, her perceptions of injuries following the incident, and her personal perception of the event.

The Court agrees with Ms. Boyer and Mr. Thimons in that that Ms. Simonds may not testify or opine on any sort of specific medical diagnosis, given that that would veer into expert testimony, and there doesn't seem to be any foundation for that anyway (*e.g.*, medical records and the like).

Further, because Ms. Simonds will be allowed to testify about her physical and mental injuries as a lay witness, the Court finds that Ms. Simonds's damages should not be limited to nominal damages at this juncture.

As a result, the Court **GRANTS** the motion to exclude Ms. Simonds's testimony about an alleged medical diagnosis, but **DENIES** the motion in all other respects.

### IV.    Ms. Boyer and Mr. Thimons's motion to permit examination of Ms. Simonds regarding her prior FLSA violations.

Ms. Boyer and Mr. Thimons seek to call Ms. Simonds as a witness and cross-examine her about "conduct underlying her liability of Fair Labor Standards Act (FLSA) violations" in a separate, unrelated case.  ECF 125; ECF 126, p. 1.  Ms. Boyer and Mr. Thimons argue that this evidence is relevant pursuant to Federal Rule of Evidence 401.  This Court disagrees, and finds that this evidence is irrelevant and even if probative, is barred under Rule 403.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  The prior case involved an FLSA violation; evidence of  Ms. Simonds's involvement in a prior action related to FLSA has no bearing on the present causes of action and does not tend to make any material facts more or less probable.

Further, even if this evidence were relevant in some manner (perhaps as impeachment), it is barred under Rule 403.  The probative value of the evidence is so low, given that to even understand it, one would need to fully understand a completely separate case and credit the factfinder in that case (without a full understanding of the factual record).  Relatedly, the prejudice is substantial; this evidence would necessitate a mini-trial and would certainly confuse the jury.  It is barred by Rule 403.

The Court therefore **DENIES** the motion to permit examination of Ms. Simonds regarding her prior alleged FLSA violations.

### V.    Ms. Boyer and Mr. Thimons's motion to exclude Ms. Simonds's "synced video."

Ms. Boyer and Mr. Thimons seek to exclude a video that Ms. Simonds has proposed as exhibit "P44."  ECF 127; ECF 134.  The proposed exhibit purportedly overlays a video of Ms. Simonds's interaction with Ms. Boyer and a 911 call.  ECF

128, p. 1.  Defendants' main objection is lack of authentication—*i.e.*, the video combines multiple videos and a 911 call, and the author of the video was not proffered and the means of creating the video was not provided.  Ms. Simonds's only response is that she can at trial lay a foundation to authenticate the video.

The Court agrees with Defendants.  Ms. Simonds doesn't provide any meaningful response to Defendants' objection, including identifying the person who created the video and confirming that that person was identified in initial disclosures and on Plaintiff's the witness list.[1]  There is no basis to authenticate the video.

The court therefore **GRANTS** the motion to exclude Ms. Simonds's synced video.

## VI.    Ms. Boyer and Mr. Thimons's motion to exclude irrelevant email threads.

Ms. Boyer and Mr. Thimons seek to exclude several emails offered as exhibits by Ms. Simonds on grounds of irrelevance.  ECF 129.  The Court agrees that several emails are irrelevant and therefore inadmissible.  The Court **GRANTS** in part and **DENIES** in part the motion to exclude irrelevant email threads.  The Court's rulings—on an email thread-by-email thread basis—are summarized below in the "Rulings" column of the chart in the section concerning objected-to exhibits.

## VII.    Mr. Thimons's motion to exclude testimony of Attorney Demarco and Commander Baker.

Mr. Thimons filed a motion to exclude the testimony of John DeMarco, an attorney, and Eric Baker, a police sergeant.  ECF 131.  Mr. Thimons submits that neither individual is a party to this case nor had any involvement with matters related to this case.  *Id.*, p. 1.  Mr. Thimons argues that Ms. Simonds failed to disclose

---

[1] In a response to a separate motion *in limine*, Ms. Simonds notes that Mr. DeMarco can authenticate the video.  ECF 139.  While Mr. DeMarco can seemingly authenticate the body cam video (which appears as part of the synced video), he can't authenticate the synced video itself, which he isn't alleged to have created.

Mr. DeMarco and Mr. Baker during discovery and has not submitted any justification for having done so. *Id.*, p. 2.

It appears that Ms. Simonds may seek to call Mr. DeMarco to authenticate body cam footage, but there doesn't appear to be an objection as to the authenticity of that footage. So the Court sees no basis to otherwise have him testify.

Ms. Simonds seeks to call Mr. Baker as a custodian of records and having some knowledge of alleged spoliation of the body cam footage. But she doesn't represent that Mr. Baker was identified in initial disclosures. The Court is not inclined to allow this testimony, absent some justification from Ms. Simonds for not identifying Mr. Baker.

The Court will hold this motion in abeyance, to be further discussed at the final pre-trial conference.

**VIII.  The joint exhibit list and the Court's rulings.**

The parties submitted a joint exhibit list that provides a description of each exhibit and the parties' respective objections and responses to objections. ECF 134. The Court has reviewed the joint exhibit list and the exhibits themselves and has provided a ruling on each exhibit.

| Exhibit No. | Exhibit Description | Objection | Response | Ruling |
|---|---|---|---|---|
| D1 | CAD sheet for August 27, 2019 | Federal Rule of Evidence 106 (911 Call Recording: Boyer), 802, 1002 | The CAD (computer- aided dispatch) is a complete document. This document will be admitted for a non- hearsay purpose – to show the information known by Officer | OVERRULED. Admissible if limited to showing what information Officer Thimons knew and its effect on him. Parties must confer and |

| | | | | |
|---|---|---|---|---|
| | | | Thimons and its effect on him. | agree on a version of the CAD sheet before final pretrial conference because both parties seek its admission. |
| D2 | Matthew Simonds's Complaint in *Matthew Simonds v. ALJ Culbertson, LLC* (GD 25-001048) | Federal Rules of Evidence 402, 403 (confusing the issues), 802 | Anna Zaydenburg verified Answer to this Complaint and may be called as a witness.<br><br>This exhibit is relevant to the First Amendment Retaliation claim against Ms. Boyer. | SUSTAINED. Inadmissible because irrelevant. This concerns a separate case. Also excluded under Rule 403. Even if relevant, unduly prejudicial as it will lead to a mini trial and confuse the jury. |
| D3 | Vera Holdings, LLC's Answer and New Matter in Matthew Simonds v. ALJ Culbertson, LLC (GD 25-001048) | Federal Rules of Evidence 402, 403 (confusing the issues), 802 | Anna Zaydenburg verified Answer and may be called as a witness.<br><br>This exhibit is relevant to the First Amendment Retaliation claim against Ms. Boyer. | SUSTAINED. Inadmissible because irrelevant.<br><br>This concerns a separate case. Also excluded under Rule 403. Even if relevant, unduly prejudicial as it will lead to a mini trial and confuse the jury. |
| P1 | Thread of Emails | Federal Rules of Evidence 802 | Not offered for truth, but course | OVERRULED. Emails are |

| | | | | |
|---|---|---|---|---|
| | between Ms. Simonds, Cmdr. Hermann, and Mr. Simonds on October 3, 2018. | (hearsay), 401 (relevance), and 403 (confusing to the jury); and 901 (annotations are not authenticated) | of conduct for Plaintiff in calling the police.<br><br>Not remote in time; less than one year before the incident which has been a continuous issue in the timeframe.<br><br>If the annotations refer to the highlighting, that is to highlight the actual email as opposed to the warnings, disclaimers, addresses, etc. happy to replace with a clean version. | relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| P2 | Marsha Simonds Email To Atty Roy Leonard and Attorney Leonard response on August 31, 2018. | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury); and 901 (annotations are not authenticated) | Offered, if needed, to refresh recollections.<br><br>Not remote in time; less than one year before the incident which has been a continuous issue in the timeframe. | OVERRULED; given that it is limited to only being used to refresh recollection. |
| P3 | January 25, 2018-February 2, 2018 email | Federal Rules of Evidence 802 (hearsay), 401 | Not offered for the truth but for notice to, *inter* | OVERRULED. Emails are relevant and |

| | | | |
|---|---|---|---|
| | thread between Ms. Simonds, Cmdr. Hermann, and Angharad Stock. | (relevance), and 403 (confusing to the jury); and 901 (annotations are not authenticated) | *alia*, Boyer's manager at the county and, if needed, to refresh recollections.<br><br>Not remote in time; but showing the continuous issue in the timeframe and specifically relevant to the existence of first amendment protected activities.<br><br>If the annotations refer to the highlighting, that is to highlight the actual email as opposed to the warnings, disclaimers, addresses, etc. happy to replace with a clean version. | not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| P4 | Email thread between Ms. Simonds and Cmdr. Hermann between August 27-28(?), 2025, RE: Detailed description of what happened | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 901 (annotations are not authenticated) | Not offered for the truth but to refresh recollection. Alternatively, Rule 803(1), (5) provide exceptions to Rule 802. | OVERRULED, if offered solely to refresh recollection. Otherwise, this is hearsay and goes directly to the truth of the matter at issue in the case. |

| | | | If the annotations mean the highlighting, this is to identify dates and participants. Happy to replace with a clean version.<br><br>We tried to only show the relevant portions for exhibit purposes but can include all 13 pages if necessary. | |
|---|---|---|---|---|
| P5 | Thread of emails between Ms. Simonds and Cmdr. Hermann on August 23, 2019. | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury and cumulative), and 901 (annotations are not authenticated).<br><br>This exhibit contains the Court Order which is already a joint exhibit. It also includes two copies of the August 23, 2019 email from Ms. Simonds. | Not offered for truth, but to show course of conduct in Plaintiff calling the police, and her actions once the police arrived.<br><br>We can provide clean copies if needed. The annotations (if highlights) track the dates and recipients.<br><br>Plaintiff was erring on the side of "complete" as opposed to duplicative. We are happy to | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |

| | | | exclude the attachments to the main email/stipulate that those attachments are elsewhere in the record. | |
|---|---|---|---|---|
| P6 | Marsha Simonds CAD sheet | Regarding page 1 of this document, Defendants object under Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury)<br><br>Specifically, it is not relevant under Rule 401, because Officer Thimons was unaware that Ms. Simonds called 911 and did not have access to this information.<br><br>The remaining two pages of P6 are Ms. Boyer's 911 call, which Defendants seek to admit as Exhibit D1, and Plaintiff has objected to. | Rule 803(1), (6), (8) provide exceptions to Rule 802.<br><br>Whether Officer Thimons "was unaware" and did not have access to this information is a credibility question for the jury. A jury could determine that Officer Thimons did have this information and/or access thereto since it is facially part of the law enforcement communications network.<br><br>We can agree to mutually withdraw our objections (since the exceptions work the same the Boyer call). | OVERRULED. Parties must agree on a version of the CAD sheet to admit as an exhibit prior to final pre-trial conference. |

| P7 | August 27-28, 2019, thread of emails between Mr. Simonds, Cmdr. Hermann and Attorney Todd Hollis | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury); and 106 (does not show complete email exchange; indicates it is page 1 of 6)<br><br>This e-mail also contains attorney - client privileged information between Mr. Simonds and Attorney Hollis. | This is not hearsay because it is not an assertion, it is a question.  It is not offered for the truth but for notice to, inter alia, Ms. Boyer's management of the potential for litigation against her.<br><br>This is not remote in time, it is within a day of the events of this lawsuit, and prior to the filing of charges.<br><br>These are not attorney client communications; the information was simply forwarded to Attorney Hollis but included numerous other people.  Further, Defendants do not have standing to raise ACP. | SUSTAINED. The emails that concern litigation holds and preservation notices are irrelevant, and may not be used.  To the extent that Plaintiff lays a foundation that any witness who received a hold notice engaged in some type of spoliation, then Plaintiff may use the email notice to impeach. |
| P8 | February 2018-October 3, 2018 email thread between Plaintiff, her attorneys, Mr. Simonds, Court Administration | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury and cumulative); and 901 | Not offered for the truth but to show ongoing and updated notice and course of conduct. | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. |

| | | | |
|---|---|---|---|
| | and Cmdr. Herman | (annotations are not authenticated). This exhibit contains numerous e-mail threads, some of which are duplicative of other exhibits. It also contains attorney- client privileged information between Matthew Simonds and Attorney Roy Leonard. | Not remote in time; less than one year before the incident which has been a continuous issue in the timeframe. As to page 17 (the October 4, 2018 email) the top portion can be redacted. Pursuant to Rule 502(D), we will claw it back otherwise. | Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| P9 | January 23, 2018, Email Thread between Mr. Simonds and Court Administration | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury). | Not entirely hearsay because it is a mix of questions and demands. Not offered for the truth but to provide notice to management of ongoing issues which form the basis and course of conduct of first amendment protected activities. Not remote in time; less than one year before the incident which has been | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |

| | | | a continuous issue in the timeframe. | |
|---|---|---|---|---|
| P10 | 8-27-19 Matt Email to Stock Re: Litigation Hold | Federal Rules of Evidence 802 (hearsay), 401 (relevance – it was sent *after* this incident occurred), and 403 (confusing to the jury). | Not offered for truth but to show notice and ongoing First Amendment protected activities.<br><br>Not remote in time, this is within one day of the incident. | SUSTAINED. The emails that concern litigation holds and preservation notices are irrelevant, and may not be used.  To the extent that, Plaintiff lays a foundation that any witness who received a hold notice engaged in some type of spoliation, then Plaintiff may use the email notice to impeach. |
| P11 | 9-9-19 Email Thread Re: Preservation Report Request to City of Pittsburgh | Federal Rules of Evidence 802 (hearsay), 401 (relevance – it was sent *after* this incident occurred), and 403 (confusing to the jury). | Not entirely hearsay because it is a mix of questions and demands. Not offered for truth but to show notice and ongoing First Amendment protected activities predating Plaintiff being charged.<br><br>Not remote in time.  Less than | SUSTAINED. The emails that concern litigation holds and preservation notices are irrelevant, and may not be used.  To the extent that Plaintiff lays a foundation that any witness who received a hold notice engaged in some type of |

| | | | 2 weeks from the incident and specifically related thereto. | spoliation, then Plaintiff may use the email notice to impeach. |
|---|---|---|---|---|
| P12 | January, 25-26-2018 Email thread between Court Administration and Mr. Simonds | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), and 901 (annotations are not authenticated). | Not offered for truth but to show notice of ongoing first amendment protected activities.

Alternatively, this may be used for refreshing recollection.

Not remote in time; but showing the continuous issue in the timeframe and specifically relevant to the existence of first amendment protected activities.

Can provide a clean copy if desired. This highlights the difference between this and other exhibits which contains earlier portions of the email thread. | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| P13 | 11-16-17 Matt Email to Stock on Parking Lot | Federal Rules of Evidence 802 (hearsay), 401 | Not offered for truth but to show notice of | OVERRULED. Emails are relevant and |

| | Use, And a Copy of November 15, 2017 Letter attachment | (relevance), 403 (confusing to the jury and cumulative), 901 (annotations are not authenticated).<br><br>This exhibit appears to be duplicative of a portion of P14. *See* Fed. R. Evid. 106. | ongoing First Amendment protected activities.<br><br>Alternatively, this may be used for refreshing recollection.<br><br>Not remote in time; but showing the continuous issue in the timeframe and specifically relevant to the existence of first amendment protected activities.<br><br>Can provided clean copy but these highlights are regarding the date and recipients. | not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| --- | --- | --- | --- | --- |
| P14 | November 2017–Jan. 5, 2018 Email thread between Mr. Simonds and A. Stock | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury). | Not offered for truth but to show notice of ongoing first amendment protected activities. Alternatively, this may be used for refreshing recollection.<br><br>Not remote in time; but showing the | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by |

| | | | continuous issue in the timeframe and specifically relevant to the existence of First Amendment protected activities. | counsel, then replace with clean version. |
|---|---|---|---|---|
| P15 | Case Calendar Event Summary with handwriting | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), and 901 (annotations are not authenticated). | Not hearsay as there are no assertions. Rule 803(6), (8) provide exceptions to Rule 802.<br><br>Can provide a clean copy. Annotations to zero in on the relevant area. | SUSTAINED. Irrelevant, and even if relevant in some manner, too confusing to the jury, so excluded under Rule 403. |
| P16 | 8-27- 2019 Emails from Mr. Simonds RE: Footage Preservation Email | Federal Rules of Evidence 802 (hearsay), 401 (relevance – it was sent *after* the incident occurred), 403 (confusing to the jury), and 106 (there is no indication of who this email was sent to; it appears to be a part of a larger thread). | Not hearsay since this is a request not an assertion.<br><br>Not remote in time, this is within a day of the incident.<br><br>Agreed this is incomplete. Will supplement under Rule 106. | SUSTAINED. The emails that concern litigation holds and preservation notices are irrelevant, and may not be used. To the extent that Plaintiff lays a foundation that any witness who received a hold notice engaged in some type of spoliation, then Plaintiff may use the email |

| | | | | notice to impeach. |
|---|---|---|---|---|
| P17 | 8-27-19 Axon Body 2 Photo of Phone | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury). | Not offered for the truth, but for notice of ongoing parking lot issues prior to charges being filed and contextualizing the BWC (from which this is taken). | OVERRULED (provisionally). But Plaintiff shall be prepared to provide a better proffer at the pre-trial conference. |
| P18 | November 16, 2017- February 12, 2018 Email thread between Mr. Simonds, and A. Stock Re 5-2-36 Lot Use | Federal Rules of Evidence 802 (hearsay), 401 (relevance), and 403 (confusing to the jury and cumulative), and 901 (annotations are not authenticated).<br><br>This exhibit appears to be a portion of P13 and P14 and/or duplicative of P13 and P14. | Not offered for the truth, the exhibit contains requests as opposed to assertions. Rule 803(3) provides exceptions for plans ("Furthermore Vera Holdings is not willing…at this time and will proceed with closing the lot…"). May also be used to refresh recollections.<br><br>Not remote in time; but showing the continuous issue in the timeframe and specifically relevant to the existence of first amendment protected activities. | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |

| | | | Can provide a clean copy. The highlights were for things like date and recipients.<br><br>This is not duplicative since it expands on (via replies to) P13/14. | |
|---|---|---|---|---|
| P19 | 1-25-18 Marsha email to Stock Re Parking Lot | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), 901 (annotations are not authenticated). | Rule 803(2) provides exception for Rule 802. ("…both of us are in absolute shock.").<br><br>Not remote in time; but showing the continuous issue in the timeframe and specifically relevant to the existence of first amendment protected activities.<br><br>Can provide a clean copy if deemed necessary. | OVERRULED. Emails are relevant and not hearsay as they go to course of dealings, not truth of matter. Ms. Simonds can authenticate. If the highlighting was placed there by counsel, then replace with clean version. |
| P20 | 12-23-19 DeMarco and Todd Emails | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), and 106 (this email has a | Agree this is incomplete. Will supplement under Rule 106 and potentially concede on | SUSTAINED. Irrelevant. |

| | | cut off initial email from Attorney Demarco at the beginning of the thread).<br><br>Additionally, please see Defendants' Motion in Limine and Brief in Support at ECF Nos. 131, 132. | relevance grounds. | |
|---|---|---|---|---|
| P21 | 8-27-19 Williams Supplemental Report | Federal Rule of Evidence 802 (hearsay) | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection. |
| P22 | 9-18-19 Matt Email to Todd Re Charges | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), and 106 (this exhibit appears to have a cut off email from Mr. Simonds at the bottom).<br><br>This exhibit also contains attorney- client privileged information between Mr. Simonds and Attorney Hollis. | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection.. |

| P23 | 12-21-19 Todd Email to Demarco Body Cam Photos | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury), 901 (annotations are not authenticated); 106 (incomplete).<br><br>This exhibit also contains irrelevant photos. Additionally, it contains discussion of litigation strategy between Attorney Hollis and Attorney Perlow.<br><br>Finally, please see Defendants' Motion in Limine and Brief in Support at ECF Nos. 131, 132. | Agree this is incomplete. Will supplement under Rule 106 and potentially concede on relevance grounds. | SUSTAINED. Irrelevant |
| P24 | 12-19-19 Todd Email to Leslie Re Discovery Request | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this email thread says it is page 1 of 2, but 2 is not included). | Only to refresh recollection as needed.<br><br>Rule P25 is the second page of P24. | OVERRULED, subject to only being used to refresh recollection |

| | | Additionally, this exhibit contains discussion of litigation strategy between Attorneys Hollis and Perlow. | | |
|---|---|---|---|---|
| P25 | 2-16-20 Todd Discovery Request Email | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this is an incomplete email with one line of text and a signature block). | Only to refresh recollection as needed.<br><br>Rule P24 is the first page of P25. | OVERRULED, subject to only being used to refresh recollection |
| P26 | 8-27-19 Thimons Investigative Report | Federal Rules of Evidence 802 (hearsay).<br><br>This purports to be Officer Thimons' report, but contains the SRR from Michael Burns.<br><br>Plaintiff objected to the inclusion of this on Defendants' exhibit list and it was removed. | Officer Thimons reports are opposing party statements. Plaintiff but not Thimons can use them.<br><br>We can provide clean copies if deemed necessary. | OVERRULED. Rule 803(8)(A)(iii). Additionally, the statements within the report are by Officer Thimons or based on his personal knowledge. See Rule 801(2)(c). And for the statements by witnesses in the report, those statements appear to go to Officer |

| | | | | Thimons's knowledge and his reaction, not to the truth of the matter. |
|---|---|---|---|---|
| P27 | 12-21-19 Todd Email to DeMarco Re Commonwealth v. Simonds | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this thread says it is page 1 of 4, but only 1 page is provided). | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection |
| P28 | 9-3-19 Merkle Supplemental Report Follow Up with Boyer | Gen. Objs. 2, Fed. R. Evid. 802 (Hearsay) | Rule 803(8)(A)(iii) provides a Rule 802 exception. Also can be used to refresh recollection. | SUSTAINED. While the report itself may not be hearsay, it contains "hearsay within hearsay" of other witnesses' statements in which the officer otherwise did not have personal knowledge. No hearsay exception has been proffered for those statements. |
| P29 | PGH Police Plate Photo | Federal Rules of Evidence 401 (relevance) and 901 (authentication). | This is a picture of a police vehicle in the parking lot at issue. The foundational | SUSTAINED. Plaintiff has not provided a sufficient proffer as to relevance or |

| | | There is no information on when this photo was taken, who took it, or how it relates to any issue in this case. | information would be presented by a witness at trial. | who would authenticate the photo. |
|---|---|---|---|---|
| P30 | 8-29-25 Todd Email to Emergency Services | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this thread says it is page 1 of 2, but only 1 page is provided). | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection |
| P31 | 1-6-20 Todd Email to DeMarco Re Dash Cam Videos | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this appears to be the middle of a thread of emails, with multiple emails cut off. It says it is page 2/6, but only 1 page is provided). Additionally, please see Defendants' | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection . |
| P32 | 12-20-19 Leslie Email to Todd Re Preservation Request Folder | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 | Only to refresh recollection as needed. | OVERRULED, subject to only being used to refresh recollection |

| | | (this thread says it is page 1 of 7, but only 1 page is provided). | | |
|---|---|---|---|---|
| P33 | 8-27-19 Burns Supplemental Report | Federal Rules of Evidence 802 (hearsay) and 902 (annotations are not authenticated). | We can remove page 2. It looks like an errant note. | OVERRULED. Rule 803(8)(A)(iii). Officer's recitation also all appears to be based on personal knowledge. To the extent there are witness statements, those appear not to be proffered for truth of matter, but knowledge and reaction of the officers. |
| P34 | 12-23-19 Todd Email to DeMarco on Appearance | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this thread says it is page 4 of 4, but only 1 page is provided). Additionally, please see Defendants' Motion in Limine and Brief in Support | Agree this is incomplete. Will supplement under Rule 106 and potentially concede on relevance grounds. | SUSTAINED. Irrelevant. |

| | | at ECF Nos. 131, 132. | | |
|---|---|---|---|---|
| P35 | 8-27-19 Thimons Dispatch Report | Not included on joint exhibit list but submitted to the Court. | Not included on joint exhibit list but submitted to the Court. | OVERRULED. |
| P36 | 1-6-20 DeMarco Email to Todd Re Dash Cam Videos | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this thread says it is page 1 of 6, but only 1 page is provided).<br><br>Additionally, please see Defendants' Motion in Limine and Brief in Support | Not offered for truth, but to show chain of custody and course of conduct through Defendant's commander. Thus, not remote in time.<br><br>"Quoted text hidden" is the previous email in the thread at the top of the page. | SUSTAINED. Irrelevant. |
| P37 | 1-6-20 DeMarco Email to Todd Re Merkle Footage | Federal Rules of Evidence 802 (hearsay), 401 (relevance), 403 (confusing to the jury); and 106 (this thread says it is page 3 of 6, but only 1 page is provided).<br><br>Additionally, please see Defendants' Motion in Limine and Brief in Support | Not offered for the truth but as additional evidence under Rule 1004 (Mr. DeMarco's description of the video), and the silence in the face of Mr. Hollis' observation regarding the expectation of footage from the camera which was turned on. | SUSTAINED. Irrelevant. |

| | | at ECF Nos. 131, 132. | Agree to supplement under Rule 106. | |
|---|---|---|---|---|
| P38 | 8-27-19 Merkle Supplemental Report | Federal Rule of Evidence 802 (hearsay).<br><br>This document purports to be Sgt. Merkel's supplemental report (which is on page 10 and 11), but it also contains numerous photos that are not part of the report. | The photos should be separate from the report. | **Photos**: There does not appear to be an objection to the photos.<br><br>**Supplemental Report**: SUSTAINED. There are witness statements that are hearsay within hearsay. |
| P39 | Burns Subject Resistance Report | Not included on joint exhibit list but submitted to the Court. | Not included on joint exhibit list but submitted to the Court. | OVERRULED. |
| P40 | 8-27-19 Williams Narrative Report | Federal Rules of Evidence 802 (hearsay); 106 (incomplete police report); and 901 (annotations are not authenticated). | Rule 803(3), (8)(A)(iii) provide exceptions to Rule 802. Can be used to refresh or impeach as appropriate.<br><br>A clean copy can be provided if deemed necessary<br><br>This appears to be complete. | OVERRULED. Rule 803(8). |
| P41 | 8-29-19 Vehicle Photos | This document purports to be vehicle photos, but it also contains a | The BWC photo is inadvertent for this exhibit. | OVERRULED (provisionally). But Plaintiff shall be prepared to |

| | | screenshot from Liz Merkel's BWC, and the document depicted is inadmissible hearsay.<br><br>There is no information on when these photos were taken, who took them, or how it relates to any issue in this case | The objections were addressed in P17. | provide a better proffer at the pre-trial conference. |
|---|---|---|---|---|
| P42 | Prelim Transcript Invoices | Federal Rule of Evidence 802 (hearsay).<br><br>These were not provided in discovery. Ms. Simonds was asked about a calculation of damages in her interrogatories and mentioned "legal expenses," without a calculation or description. | Rule 803(6) provides an exception to Rule 802.<br><br>This exhibit would supplement that answer. | SUSTAINED, due to not being produced in discovery. |
| P43 | Gillespie Transcript Pgs. 9-26 | Federal Rule of Evidence 802 (hearsay). | Mr. Gillespie will be testifying live. This would not be an exhibit in that event. | SUSTAINED. No basis provided for allowing testimony from another proceeding to be admitted. |
| P44 | 8-27-19 Audio Visual | Federal Rules of Evidence 403 | Plaintiff will respond to the | SUSTAINED; for reasons |

| | Surveillance Video + 911 Call Overlay | (confusing for the jury; prejudicial) and 901 (authentication).  Please see Defendants' Motion in Limine and Brief in Support at ECF Nos. 127, 128. | motion when it is filed. Generally, foundation can be laid at trial. It is unclear what the Rule 403 basis is at this time. | provided in resolving motion *in limine.* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dated: October 8, 2025

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge