**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARSHA SIMONDS, | ) | |
| | ) | |
| | ) | 2:21-cv-841-NR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE BOYER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **OPINION**

On October 28, 2025, a jury returned a verdict for Plaintiff Marsha Simonds against Defendant Christine Boyer as to three counts in the complaint: First Amendment retaliation; negligent infliction of emotional distress; and malicious prosecution.  The jury awarded Ms. Simonds damages totaling $450,000: $50,000 in compensatory damages and $400,0000 in punitive damages.  ECF 196.

After the Court entered judgment consistent with the verdict (ECF 197), Ms. Boyer moved for a new trial or to alter or amend judgment under Federal Rule of Civil Procedure 59 (ECF 211).[1]  For the reasons below, Ms. Boyer's motion will be granted in part and denied in part.   Specifically, the Court will order remittitur of the jury's punitive damages award (or a conditional new trial on punitive damages), but will otherwise deny all other relief.

## **STANDARD OF REVIEW**

A losing party may move for a new trial, or to alter or amend judgment, under Federal Rule of Civil Procedure 59.  Under Rule 59(a), a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"  Fed. R. Civ. P. 59(a)(1)(A).  For example, a court may grant a new

---

[1] Ms. Boyer also moved for judgment as a matter of law (ECF 209), which the Court addresses in a separate opinion.

trial based on questions of law or to correct rulings, such as evidentiary rulings. *Klein v. Hollings*, 992 F.2d 1285, 1289–90 (3d Cir. 1993). The court should only grant a new trial where "the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand." *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006) (cleaned up). "A new trial is extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bistrian v. Levi*, 517 F. Supp. 3d 335, 345 (E.D. Pa. 2021) (cleaned up). And it's up to the trial court to grant a new trial. *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992) ("The decision to grant or deny a new trial is confided almost entirely to the discretion of the district court.").

Under Rule 59(e), a district court may alter or amend the judgment generally under three circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).

A district court may also reduce a damages award even where a new trial is not warranted. *See Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1205 n.3 (3d Cir. 1986) (Higginbotham, J., concurring) ("[w]hether [a punitive damages] award is excessive is a determination committed to the sound discretion of [the] district court.").

## DISCUSSION & ANALYSIS

**I.    Ms. Boyers's merits arguments fail for the same reasons as set forth in the Court's opinion denying her Rule 50 relief.**

Three of Ms. Boyer's Rule 59 motion arguments are the same as those in her Rule 50(b) motion, arguing that Ms. Simonds failed to present evidence to prove: (1) Ms. Simonds's First Amendment retaliation, malicious prosecution, and negligent infliction of emotional distress claims; (2) that Ms. Boyer retaliated against Ms. Simonds for a protected activity; and (3) that Ms. Boyer acted outside the scope of her

employment when she called 911 on Ms. Simonds.  The Court has already addressed these arguments in its order denying Ms. Boyer's Rule 50(b) motion, and, for the same reasons as set forth in that opinion, finds that a new trial under Rule 59 is not warranted.

## II.    Ms. Boyer waived her challenges to the verdict slip.

Ms. Boyer seeks a new trial based on two challenges to the verdict slip.  She first argues that the verdict slip did not allocate damages as to the specific claims.  ECF 211.  She then argues that because she might have been entitled to sovereign immunity, the Court should have submitted a "course and scope" of employment verdict question to the jury.  ECF 212 at 11–12.

These challenges fail because Ms. Boyer never asked for these verdict interrogatories and never made specific objections at trial as to these matters.  She waived these issues.  *See* Trial Transcript (ECF 230 at 1–4) (counsel for Ms. Boyer raised no objections to the Court's verdict slip). [2]  *See Thompson v. Petrof*, No. 1:10-cv-123-MRH, 2014 WL 1894419, at \*10 (W.D. Pa. May 12, 2014) (Hornak, J.) ("Consequently, to the extent that Plaintiff's Rule 59(e) motion is a challenge to the form of the verdict, it comes too late and is waived.  *See* Fed. R. Civ. P. 49(a)(3) ('A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury.')").

---

[2] Ms. Boyer had several chances to request special interrogatories on the verdict slip—before and during trial.  *See* the Court's Amended Pretrial Order (ECF 114 at 4).  During trial, the Court and the parties discussed the verdict slip on multiple occasions.  Counsel for Ms. Boyer only requested special interrogatories on "color of state law" as an "element of the First Amendment [claim]," and the Pennsylvania standard for negligence.  ECF 228 at 196:17–20.  Then towards the end of trial, when asked for final objections to the verdict slip, counsel for Ms. Boyer stated that they reiterated their same objections, (*i.e.*, the request for a color of state law and negligence interrogatories) but had "nothing [to address] as to the new stuff[,]" (*i.e.*, the Court's changes to the verdict slip).  ECF 230 at 3:21–25, 4:1–16.

**III.   The jury's award of $50,000 in compensatory damages is not excessive, but the jury's award of $400,000 in punitive damages violates Due Process.**

Ms. Boyer also challenges the jury's damages awards, arguing that the compensatory and punitive damages awards are excessive. ECF 212 at 8–12. The jury awarded Ms. Simonds $50,000 in compensatory damages—"the amount that will fairly compensate Ms. Simonds for the injury she sustained as a result of Ms. Boyer's conduct[.]" *Id.* at 2. The jury awarded Ms. Simonds $400,000 in punitive damages, finding that Ms. Boyer "acted maliciously or wantonly in violating Ms. Simonds's federal constitutional rights under the First Amendment or her rights under state law[.]" *Id.*

**a. The award of $50,000 in compensatory damages is not excessive and is supported by the evidence.**

Ms. Boyer argues that the $50,000 compensatory damages awarded by the jury was excessive and not supported by the evidence. ECF 212 at 8–9. A district court may grant a new trial, or remittitur, only where the compensatory damages award is "clearly unsupported and/or excessive." *Spence*, 806 F.2d at 1201. In doing so, the court "evaluates the evidence presented and determine[s] whether or not the jury has come to a rationally based conclusion." *Id.*[3]

---

[3] The jury awarded Ms. Simonds damages for federal and state-law claims. The standards of review for federal claims and state-law claims are functionally the same: Under Pennsylvania law, "judicial reduction of a jury award is appropriate only when the award is plainly excessive and exorbitant." *Jester v. Hutt*, 937 F.3d 233, 240 (3d Cir. 2019) (quoting *Zauflik v. Pennsbury Sch. Dist.*, 104 A.3d 1096, 1129 (Pa. 2014)) (cleaned up). "To make this determination courts consider whether the award of damages falls within the uncertain limits of fair and reasonable compensation or whether the verdict so shocks the sense of justice as to suggest the jury was influenced by partiality, prejudice, mistake, or corruption. The Pennsylvania Supreme Court has instructed that in reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence." *Jester*, 937 F.3d at 240 (cleaned up).

The jury's $50,000 in compensatory damages on Ms. Simonds's First Amendment retaliation, NIED, and malicious prosecution claims was largely based on Ms. Simonds's own testimony describing her emotional distress and her mother's corroborating testimony.  So the question is whether that testimony was sufficiently specific—and tied to Ms. Boyer's conduct—to sustain the jury's award.  *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) ("Damages are available under [§ 1983] for actions found to have been violative of  constitutional rights and to have caused compensable injury.") (cleaned up).  The Court finds that the testimony was credible, specific, and tied to Ms. Boyer's conduct.

Ms. Simonds testified about her emotional distress on direct examination.  She described being in shock (ECF 229 at 26:21); "crying and panic[king]" (*id.* at 27:2); not "feeling very good that day" (*id.* at 27:19–20); that the event "was very traumatic" (*id.* at 28:12); and that it was "extremely terrifying . . . to sit somewhere where your future's being decided for you and all you have is the evidence that you can put forth," in reference to the criminal charges brought against her (*id.* at 32:19–21).  Ms. Simonds's mother, Anna Zaydenberg, also testified about Ms. Simonds's emotional distress on direct examination.  Ms. Zaydenberg testified that Ms. Simonds experienced a resurgence of anxiety; (ECF 224 at 63:13–15); was "afraid to go out" (*id.* at 63:15–16); "couldn't breathe" (*id.* at 63:16); "couldn't sleep normally" (*id.* at 63:17); and "couldn't do any activities with [her] children at all" (*id.* at 63:18–19).

Ms. Simonds's and Ms. Zaydenberg's testimony—together—is sufficient to establish that Ms. Simonds suffered emotional distress because of Ms. Boyer's actions.  *See, e.g., Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010) (finding that jury's award of $50,000 in compensatory damages was not excessive because it was based in part on plaintiff's testimony, which was corroborated by her daughter's testimony, that she suffered severe anxiety, fear, distress, and embarrassment); *Watson v. Lloyd Indus., Inc.*, No. 17-cv-1049, 2019 WL 1585111, at

*1 (E.D. Pa. Apr. 11, 2019), *aff'd*, 816 F. App'x 709 (3d Cir. 2020) (denying defendant's motion for new trial because plaintiff's testimony about his emotional distress, which was supported by his long-term partner's testimony, was sufficient); *but see Spence*, 806 F.2d at 1201 (affirming district court's finding that **plaintiff's testimony alone** about her emotional distress **did not support a jury's award** of $22,060 in compensatory damages) (emphasis added).

### b. The award of $400,000 in punitive damages violates Due Process and will be reduced to $200,000.

Whether the $400,000 punitive damages award is excessive, and a violation of Due Process, is a closer call. Ms. Boyer argues that the jury's award of $400,000 in punitive damages—eight times the amount the jury awarded in compensatory damages—is "excessive under the facts set forth in this case" and points to the Supreme Court's holding in *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408 (2003) cautioning courts to look closely at punitive damages relative to compensatory damages. ECF 212 at 11.

"To decide whether [punitive damages] are excessive, [courts] look to three 'guideposts': how reprehensible (blameworthy) the defendant was, the disparity (ratio) between the award and the harm the plaintiff suffered or could have suffered, and how the award stacks up against 'civil penalties authorized or imposed in comparable cases.'" *Washington v. Gilmore*, 124 F.4th 178, 186 (3d Cir. 2024) (citing *State Farm*, 538 U.S. at 418) (cleaned up). The Court considers each guidepost, in turn.

### i. Ms. Boyer's conduct was reprehensible because the *State Farm* subfactors weigh at least slightly in Ms. Simonds's favor.

The most important factor is whether the defendant's conduct was reprehensible (*i.e.*, Ms. Boyer's blameworthiness). *State Farm*, 538 U.S. at 418. There are five *State Farm* sub-factors to consider to determine whether Ms. Boyer is

blameworthy: (1) whether the harm was physical rather than economic; (2) whether she was indifferent or showed a reckless disregard of the health and safety of others; (3) whether her conduct involved repeated actions or was isolated; (4) whether the harm resulted from intentional malice, trickery, or deceit, or was a mere accident; and (5) whether the target (Ms. Simonds) was financially vulnerable. *Id.*

Factors one and five cut against Ms. Simonds. Ms. Simonds's harm was emotional (*i.e.*, not physical), and she did not demonstrate at trial that she was financially vulnerable (in fact, there was some testimony suggesting she was financially well-off).

Factors two, three, and four cut against Ms. Boyer. Ms. Boyer disliked Ms. Simonds and the issues over the parking lot were long-standing, even if Ms. Boyer only called 911 on Ms. Simonds once. *See* ECF 206 at 59:19–25; 60:1–7; 91:11–25. And there was sufficient evidence presented at trial that Ms. Boyer fabricated the nature of the incident out of malice towards Ms. Simonds.

So considering these subfactors holistically, the reprehensibility factor slightly favors Ms. Simonds.

### ii. The ratio of punitive damages to harm—the "disparity" guidepost—directs this Court to consider lowering the punitive damages award.

The 8:1 ratio of punitive damages to compensatory damages here) is on the high side. The Supreme Court has articulated no bright-line rule, but has cautioned that damages with a double-digit ratio may violate Due Process. *State Farm*, 538 U.S. at 425 ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").

Though this isn't a double-digit ratio case, it's close. The Supreme Court in *State Farm* made clear that "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the

general damages recovered." *State Farm*, 538 U.S. at 426.  In reaching its conclusion, the Supreme Court also considered an earlier decision—*Haslip*—where the Court concluded that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety.  *Id.* at 425 (citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 24–25 (1991).  All of this is to say that the 8:1 ratio is on the more excessive side of the scale.

### iii.   Comparable cases counsel in favor of remittitur.

The last factor instructs courts to look at the punitive damages awarded in the case at issue and in similar cases.  Two recent Third Circuit decisions applying the *State Farm* factors help frame the analysis here.

In *Washington v. Gilmore*, the plaintiff suffered physical and repeated harm where  the defendant sexually abused the plaintiff twice.  124 F.4th 178, 184 (3d Cir. 2024) (upholding a 10:1 punitive damages award, finding that defendant's conduct was sadistic and thus warranted special consideration to go beyond the single-digit ratio).

And then in *Wexler v. Hawkins*, the Third Circuit reduced a punitive damages award from $250,000 to $12,000 where the plaintiff brought First Amendment retaliation, false imprisonment, false arrest, and malicious prosecution claims, where the plaintiff suffered minor physical injuries.  173 F.4th 478, 488–90 (3d Cir. 2026) (holding that $250,000 punitive damages award violated Due Process Clause and reasoning that two of the five *State Farm* factors weighed in favor of the plaintiff (*i.e.*, defendant caused minor physical injuries to plaintiff and jury's finding of maliciousness was supported by evidence), and reducing award to $12,000 so that ratio between punitive damages and compensatory damages would be 3:1). [4]

---

[4] The following cases provide some more useful reference points for the ratio analysis:

The harm that Ms. Simonds experienced falls in the middle of that spectrum. On one hand, the trial evidence confirms that this was a difficult and emotional experience for Ms. Simonds, and that her emotional distress was genuine. On the other hand, she suffered no physical injury, this was a one-time incident, and she was not financially vulnerable. So based on the comparable cases, a ratio somewhere between 10:1 and 3:1 is appropriate.

---

- District court reducing a 20:1 ratio ($100,000 punitive damages and $5,000 in compensatory damages) to 1.5:1 ratio where a jury found in favor of former inmate who brought a claim alleging that a correctional officer made false reports about inmate who had been repeatedly abused by prison staff. *Kerwin v. McConell*, No. 05-cv-93, 2008 WL 4525369, at *3 (W.D. Pa. 2008) (McLaughlin, J.).

- Third Circuit affirming district court's reduction of punitive damages award from 100:1 ($500,000 in punitive to $5,000 in compensatory) to 6:1 ($30,000 in punitive to $5,000 in compensatory) where jury found in favor of plaintiff who sued police officer for 1983 violation when he assisted with a private repossession of her car. *Hyman v. Cap. One Auto Fin.*, 826 F. App'x 244 (3d Cir. 2020).

- District court reducing a 6:1 ratio ($500,000 in punitive and $90,000 damages) to a 1:1 ratio where jury's award was based on plaintiff's claims for gender-based discrimination, retaliation, and hostile work environment retaliation. *Lloyd v. Children's Hosp. of Philadelphia*, No. 2:19-cv-02775-JDW, 2023 WL 2940229, at *11 (E.D. Pa. Apr. 13, 2023).

- District court declining to reduce a ~3:1 ratio ($45,000 in punitive damages and $14,559 in compensatory damages) where jury found in favor of plaintiffs who brought a § 1983 unlawful seizure claim against officer who seized collectible pins from plaintiffs' home. *Shrey v. Kontz*, 981 F. Supp. 2d 333, 338 (M.D. Pa. 2013).

Considering all the *State Farm* factors together, the Court finds that the jury's punitive damages award violated Due Process and must be reduced.  The Court will reduce the punitive-damages award to a 4:1 ratio, or to $200,000.

**<u>CONCLUSION</u>**

For these reasons, the Court grants in part and denies in part Ms. Boyer's Rule 59 motion.  An appropriate order follows.

Dated: July 21, 2026

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge